**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIE C. CLEMONTS,
Plaintiff-Appellant,

v.                                                                          No. 95-7769

SCOTT WEST,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-95-879-5-CT-BO)

Submitted: December 29, 1995

Decided: May 29, 1996

Before WILKINSON, Chief Judge, and MURNAGHAN and
NIEMEYER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Willie C. Clemonts, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie Clemonts appeals the district court's dismissal, pursuant to 28 U.S.C. § 1915(d) (1988), of his lawsuit alleging racial discrimination in job assignments at the Tillery Correctional Facility. Clemonts alleged that the farm supervisor, Scott West, gave more favorable job assignments to white inmates than to blacks. Further, Clemonts stated that West gave pay raises to white inmates but not to blacks who merited raises. The district court dismissed the action, observing that Clemonts had not identified West's race and concluding that Clemonts had not made a prima facie showing of a constitutional tort. We vacate and remand.

Under § 1915(d), a district court may "permit suits that are arguably meritorious and . . . exclude suits that have no arguable basis in law or in fact." Nasim v. Warden, 64 F.3d 951, 954 (4th Cir. 1995) (in banc). We review § 1915(d) dismissals for an abuse of discretion. Id.

Absent a compelling state interest, racial discrimination in prison job assignments states a violation of the Equal Protection Clause of the Fourteenth Amendment and of the Due Process Clause of the Fifth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Black v. Lane, 824 F.2d 561, 562 (7th Cir. 1987). To establish an equal protection violation based on racial discrimination in the delegation of job assignments to inmates, a plaintiff must show a discriminatory purpose as the motivating factor; showing that employment practices have a discriminatory impact on a certain race is not enough. See Castaneda v. Partida, 430 U.S. 482, 493 (1977); Village of Arlington Heights v. Metropolitan Housing Dev. Corp. , 429 U.S. 252, 265-66 (1977); Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir. 1987).

Clemonts' allegations were sufficient to survive a § 1915(d) dismissal. We think it is obvious from the complaint that Clemonts and West are of different races. Further, even if they were of the same race, that would not end the inquiry, for it is entirely possible that an individual of one race could discriminate against members of his own race. The focus is on whether the defendant was motivated by a dis-

2

criminatory purpose, not on the race of the defendant. See St. Francis College v. Al-Khazraji, 481 U.S. 604, 609-10 (1987).

Clemonts claimed that West gave whites more desirable job assignments than blacks. He also claimed discrimination in giving pay raises. Further, Clemonts claimed that West had made derogatory slurs against blacks. The lawsuit has an arguable basis in law and in fact. Accordingly, we conclude that the district court abused its discretion in dismissing the Complaint pursuant to § 1915(d).

We therefore vacate the judgment of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The motion for appointment of counsel is denied.

VACATED AND REMANDED

3